IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 24 2009

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

| | | |
|---|---|---|
| SOUTHERN COACH, INC., DBA AMERICAN VAN RENTAL, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) ) | 1:09-CV-2660 |
| DEPARTMENT OF ARMY | ) ) | |
| Defendant. | ) | |

TWT

**COMPLAINT FOR INJUNCTIVE RELIEF AND ATTORNEYS' FEES**

COMES NOW Southern Coach, Inc., DBA American Van Rental (hereinafter also referred to as "American Van Rental"), by and through its undersigned counsel, and files this Complaint showing the Court as follows:

**PARTIES AND JURISDICTION**

1.

Southern Coach, Inc., DBA American Van Rental is an entity duly incorporated under the laws of the State of Georgia and is competent to bring this action.

2.

Defendant Department of Army (hereinafter also referred to as the "Army" is a component of the Department of Defense which is a Department of the Executive Branch of the United States

1

Government and an agency within the meaning of 5 U.S.C. § 552(f)(i).

3.

The parties in this action are subject to the personal jurisdiction of this Court and subject matter jurisdiction lies within this Court pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6), 5 U.S.C. §§ 701-06, and 28 U.S.C. § 1331.

4.

Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

**BACKGROUND**

5.

In 2007, American Van Rental submitted a bid proposal to the Department of Army, Army Contracting Agency, Southern Region, to provide commercial vehicle leasing services to the Army (hereinafter also referred to as "leasing contract").

6.

On or about August 24, 2007, the Army notified American Van Rental that its bid was not accepted and that Triangle Rent-A-Car (hereinafter also referred to as "Triangle") was awarded the leasing contract in the amount of $1,853,635.00.

7.

On or about November 30, 2007, Meryl Healy of American Van Rental submitted a Freedom of Information Act ("FOIA") request to the Army seeking a copy of the leasing contract awarded to Triangle, but received only a redacted copy of the contract with all rates blackened out.

8.

On or about December 31, 2007, Ms. Healy contacted Maureen Barfield, Freedom of Information Act Point of Contact for the Army, requesting an unredacted copy of the leasing contract. Ms. Barfield acknowledged receipt of this request by letter dated January 17, 2008, stating that the request was undergoing a legal review and that the review did not constitute a partial denial of the Plaintiff's FOIA request.

9.

The Plaintiff's FOIA request remained sitting in the Staff Judge Advocates' Office until June 20, 2008, despite numerous communications from Plaintiff and Plaintiff's counsel attempting to gain a determination of the request. Rather than make a determination of the Plaintiff's request, the Staff Judge Advocates' Office merely forwarded the request to Army Contracting Agency Southern Region at Fort McPherson, Georgia for a release determination.

10.

On or about August 29, 2008, after still receiving no release determination by the Army, Plaintiff's counsel sent yet another communication to Ms. Maureen Barfield and Army Staff Attorney Anne M. Norfolk explaining the substantial delay by the Army in processing the Plaintiff's request and demanding immediate release of the leasing contract.

11.

Despite additional communications from Plaintiff's counsel to the Army in an effort to gain a determination of the Plaintiff's FOIA request, the Army continued to refuse to comply with its FOIA obligations.

12.

On or about October 30, 2008, American Van Rental submitted a Notice of Appeal of Defacto Denial of its November 30, 2007 FOIA request. The notice of appeal was forwarded to the address provided by the Army as the Initial Denial Authority for the Plaintiff's request. This Notice of Appeal was returned as containing an insufficient address on or about November 21, 2008.

13.

Plaintiff's counsel contacted attorney Anne Norfolk regarding the return of American Van Rental's notice of appeal

and was provided the address of the "new" Initial Denial Authority for Plaintiff's FOIA request. Plaintiff resubmitted its Notice of Appeal of Defacto Denial to the new Initial Denial Authority which received the notice on December 15, 2008.

14.

On February 26, 2009, the Army finally issued a determination of Plaintiff's FOIA request, denying American Van Rental an unredacted release of the Triangle contract with the Army.

15.

Although Plaintiff had already twice filed administrative appeals which were ignored and never responded to by the Army, it again filed yet another appeal on or about April 27, 2009, this time specifically responding to the Army's February 26, 2009 express denial of American Van Rental's November 30, 2007 FOIA request.

16.

Not only did it take the Army fifteen (15) months to deny Plaintiff's simple FOIA request, but the Army also completely failed to respond to Plaintiff's 2008 Administrative Appeals, and still has yet to respond to Plaintiff's third Administrative Appeal filed four months ago in April, 2009.

17.

The Army has grossly exceeded the statutory time frame by which to respond to Plaintiff's April 2009 appeal, constituting an exhaustion of administrative remedies pursuant to Army Regulation 25-55.

**COUNT ONE**

**Violation of the FOIA for Failure to Promptly Make Records Available**

18.

Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.

Pursuant to the Freedom of Information Act, the Army has an obligation to make requested records promptly available unless specifically excepted by the FOIA.

20.

Plaintiff's FOIA request for an unredacted copy of the leasing contract between the Army and Triangle is not within the scope of any exception set forth in the FOIA.

21.

Despite continuous contacts and requests from Plaintiff and its counsel to gain a response to American Van Rental's FOIA

request, the Army ignored the Plaintiff's request for nearly nine (9) months before finally submitting a denial letter on February 26, 2009.

22.

Plaintiff appealed this denial to the Initial Denial Authority on or about April 27, 2009.

23.

The Army has still yet to respond to Plaintiff's third Administrative Appeal filed four months ago in April, 2009.

24.

The Army has grossly exceeded the statutory time frame by which to respond to Plaintiff's April 2009 appeal, constituting an exhaustion of administrative remedies pursuant to Army Regulation 25-55.

25.

The Defendant's failure to make an unredacted copy of the leasing contract available to the Plaintiff violates the Freedom of Information Act, as well as Army Regulation 25-55 entitled "The Department of the Army Freedom of Information Act Program."

## COUNT TWO

## Attorneys' Fees for Gross Failure to Comply with FOIA Mandates

## (Failure to Properly Respond to FOIA Request)

26.

Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.

Pursuant to the Freedom of Information Act, Defendant is required to make its determination of an FOIA request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of such request.

28.

Despite numerous attempts by the Plaintiff and Plaintiff's counsel to gain a response, the Army failed to provide any determination of the Plaintiff's November 30, 2007 FOIA request until February 26, 2009.

29.

The Defendant's failure for the preceding fifteen (15) months to determine whether or not it would grant the Plaintiff's FOIA request violates the Freedom of Information Act, as well as Army Regulation 25-55 entitled "The Department of the Army Freedom of Information Act Program."

8

30.

5 U.S.C. § 552(a)(4)(E)(i) authorizes attorneys' fees against the United States in FOIA cases.

31.

The Army's substantial delay and refusal to abide by its FOIA obligations caused the Plaintiff to incur unnecessary and substantial attorneys' fees in pursuing its statutory rights to a request determination.

32.

The Army's bad faith and unreasonable and substantial delay entitles the Plaintiff to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

### COUNT THREE

**Attorneys' Fees for Gross Failure to Comply with FOIA Mandates (Failure to Respond to 2008 Appeals)**

33.

Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.

Pursuant to the Freedom of Information Act, Defendant is required to make its determination of an FOIA appeal within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of such appeal.

35.

On or about October 30, 2008, American Van Rental submitted a Notice of Appeal of Defacto Denial of its November 30, 2007 FOIA request. The notice of appeal was forwarded to the address provided by the Army as the Initial Denial Authority for the Plaintiff's request. This Notice of Appeal was returned as containing an insufficient address on or about November 21, 2008.

36.

Plaintiff's counsel contacted attorney Anne Norfolk regarding the return of American Van Rental's notice of appeal and was provided the address of the "new" Initial Denial Authority for Plaintiff's FOIA request. Plaintiff resubmitted its Notice of Appeal of Defacto Denial to the new Initial Denial Authority which received the notice on December 15, 2008.

37.

The Army failed completely to respond at all to Plaintiff's Administrative Appeal of Defacto Denial which it ignored for

nearly nine (9) months, and instead sent an express denial letter to Plaintiff's counsel after ignoring American Van Rental's FOIA request for fifteen (15) months and forcing Plaintiff to seek legal assistance.

38.

The Defendant's failure for the previous nine (9) months to determine and respond to the Plaintiff's FOIA appeal violates the Freedom of Information Act, as well as Army Regulation 25-55 entitled "The Department of the Army Freedom of Information Act Program.

39.

5 U.S.C. § 552(a)(4)(E)(i) authorizes attorneys' fees against the United States in FOIA cases.

40.

The Army's substantial delay and refusal to abide by its FOIA obligations caused the Plaintiff to incur even more unnecessary and substantial attorneys' fees in pursuing its statutory rights to a request determination.

41.

The Army's bad faith and unreasonable and substantial delay entitles the Plaintiff to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

## COUNT FOUR

**Attorneys' Fees for Gross Failure to Comply with FOIA Mandates**

**(Failure to Respond to 2009 Appeal)**

42.

Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.

On or about April 27, 2009, out of an abundance of caution, and upon receiving the Army's fifteen (15) month overdue FOIA determination, Plaintiff submitted yet another Administrative Appeal related to the express denial of its FOIA request.

44.

As with the prior Administrative Appeals, the Army has ignored this third appeal for four months and has failed to make any response or determination in gross violation of the FOIA time requirements.

45.

The Department of Army has acted in bad faith and with unreasonable and substantial delay, needlessly requiring the Plaintiff to incur additional substantial attorneys' fees in pursuing its rights under the Freedom of Information Act.

46.

5 U.S.C. § 552(a)(4)(E)(i) authorizes attorneys' fees against the United States in FOIA cases.

47.

The Department of Army's bad faith and unreasonable and substantial delay entitles the Plaintiff to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

48.

Plaintiff hereby sets forth its demand for jury trial in this matter.

WHEREFORE, Plaintiff reserves the right to supplement and amend this Complaint and prays that this Court grant the following relief:

(a) That this Court order the Defendant to without objection or reservation provide the Plaintiff with an unredacted copy of the leasing contract requested by the Plaintiff.

(b) That this Court award the Plaintiff all attorneys' fees and costs incurred in pursuing this action, as well as all other expenses incurred from the Defendant's delay in processing the Plaintiff's FOIA

request, pursuant to 5 U.S.C. § 552(a)(4)(F)(i) and Rule 11 of the Federal Rules of Civil Procedure.

(c) That this Court issue a written finding pursuant to 5 U.S.C. § 552(a)(4)(E)(i) that the circumstances surrounding the withholding of the lease contract requested by the Plaintiff raises questions as to whether the Army personnel acted arbitrarily or capriciously with respect to the withholding, and order Special Counsel to promptly initiate a proceeding to determine whether disciplinary action is warranted against the officers or employee primarily responsible for withholding Plaintiff's request.

(d) That this Court issue any and all other relief to the Plaintiff as it deems just and appropriate.

Respectfully submitted this 23rd day of SEPTEMBER, 2009.

Greg K. Hecht
Georgia Bar No. 003860
Hecht, Mack & Harris
Counsel for Plaintiff

**HECHT, MACK & HARRIS**
205 Corporate Center Drive, Suite B
Stockbridge, Georgia 30281
Phone – (404) 348-4881
Fax – (678) 884-1257